JUDGE CASTEL

DUANE MORRIS LLP
**Attorneys for Plaintiffs**
744 Broad Street, Suite 1200
Newark, New Jersey 07102
Telephone No. (973) 424.2000
Facsimile No. (973) 424.2001
Email: AGKominsky@duanemorris.com
         JWCarbin@duanemorris.com



07 CV 10494

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

S.J. GARGRAVE SYNDICATE 2724, *as lead Syndicate for Certain Underwriters at Lloyds of London*

  Plaintiff,

v.

MARWAN SHIPPING & TRADING CO. and AL-BUHAIRA NATIONAL INSURANCE CO.,

  Defendants.

---

ECF Case

Civil Action No. 07 CV 10494 (KPC)

**VERIFIED COMPLAINT**

Plaintiff, S.J. GARGRAVE SYNDICATE 2724 ("Gargrave or Plaintiff"), by its attorneys, Duane Morris LLP, alleges on information and belief as follows:

### JURISDICTION AND VENUE

1. This is a case of Admiralty and Maritime jurisdiction under 28 U.S.C. §1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the Admiralty and Maritime Jurisdiction of the United States and of this Honorable Court. This Court also has jurisdiction by the diversity of the citizenship of the parties under 28 U.S.C. §1332. The amount in controversy exceeds $75,000 exclusive of interest and costs.

2. Plaintiff is an unincorporated association organized and existing by virtue of the laws of the United Kingdom, with its principal place of business in London, England.

3. Upon information and belief, Defendant Marwan Shipping and Trading Co. ("Marwan"), is incorporated under the laws of the United Arab Emirates having its principal place of business at Sharjah, United Arab Emirates.

4. Upon information and belief, Defendant Al-Buhaira National Insurance Co. ("Al-Buhaira") is a corporation organized and existing under the laws of the United Arab Emirates, having its principal place of business at Sharjah, United Arab Emirates.

## FACTS GIVING RISE TO CLAIM

5. Gargrave was named as a defendant in a suit filed in the United States District Court for the Territory of Guam captioned United States of America v. Marwan Shipping & Trading Co. *et. al*, Civ. No. 06-00011 ( the "Guam Action").

6. In the Guam Action, the United States of America brought suit against Gargrave and Marwan alleging *inter alia* that defendants were liable for the costs of avoidance, cleanup and/or removal of pollution when the vessel M/V AJMAN 2 grounded near Apra Harbor, in the Territory of Guam ("Incident").

7. Upon information and belief, Marwan owned, controlled, managed, operated, chartered and was otherwise responsible for the M/V AJMAN 2 at the time of the Incident.

8. Al-Buhaira was in the business of underwriting marine risks and was the primary P&I insurer for the M/V AJMAN 2 at the time of the Incident. As part of its obligations under the P&I Insurance Policy issued by Al-Buhaira covering the liabilities of the M/V AJMAN 2 and its owners, Al-Buhaira was required to provide indemnity for the costs and damages associated with, including but not limited to, the Incident, for salvage costs and for sue and labor costs for repairing and/or protecting the M/V AJMAN 2.

DM1\1229156.1

9. In response to the complaint filed in the Guam Action, Gargrave, asserted cross claims against Marwan seeking damages against Marwan in the event that Gargrave was adjudged liable to the United States.

10. Gargrave also filed a third party action against Al-Buhaira in the Guam Action based in part on Al-Buhaira's failure to respond and/or to provide indemnity for the costs associated with the Incident and the M/V AJMAN 2.

11. The total costs incurred with respect to pollution avoidance and the clean-up for the Incident is as best can be presently ascertained $829,051, although the vessel never actually spilled any oil

12. Plaintiff brings this action by seeking an order of seizure of Defendants' goods, chattels, effects and assets in the hands of garnishees to be named in the process in the amount sued herein, so that the Court shall have jurisdiction to direct Defendants to satisfy any judgment, award or obligation arising from the Incident, the Guam Action or the claims set forth herein.

## FIRST CAUSE OF ACTION AGAINST MARWAN

(Equitable Indemnity Against Marwan)

13. Plaintiff repeats and realleges the allegations in the proceeding paragraphs as though set forth at length herein.

14. All events and happenings referred to in the Guam Action and/or arising from the Incident were caused and created by the negligence and/or intentional willful misconduct and failure to properly operate, care for and husband the vessel M/V AJMAN 2 by Marwan. Moreover, the M/V AJMAN 2 was unseaworthy, inadequately supplied with lines, machinery and fenders, which led to the Incident.

15. In the event Gargrave is adjudged liable to the United States in the Guam Action, any fault of Gargrave, which is hereby vigorously denied, would be passive in nature and secondary as opposed to the active and primary fault and breaches of obligations, duties of care and contract by Marwan. Any liability or obligation of Gargrave to pay under a certain Certificate of Financial Responsibility ("COFR") issued by Gargrave's agent for the costs of the clean-up for the Incident is secondary and derivative, and only matures and arises after the vessel's owners and charterers, including Marwan, have failed and refused to pay for pollution avoidance, abatement and cleanup expenses pursuant to the Oil Pollution Act of 1990, 33 U.S.C. §2701, *et seq.,* and/or similar statutes.

16. If any judgment should be rendered in favor of the United States or others against Gargrave, then Gargrave is entitled to full indemnification from Marwan, and Gargrave is entitled to recover in equitable indemnity from Marwan, the full amount of any said judgment, in addition to attorney's fees and costs.

## SECOND CAUSE OF ACTION

(Contribution Against Marwan)

17. Plaintiff repeats and realleges the allegations in the proceeding paragraphs as though set forth at length herein.

18. As a direct and proximate result of Marwan's breaches of contract and of its respective duties for the M/V AJMAN 2, to the United States and to others, Gargrave has suffered, or potentially may suffer, various damages in an amount to be proven at the time of trial.

19. As a result of Gargrave potentially having to pay amounts in excess of its proper liability, if any, Gargrave is and will be entitled to legal and/or equitable contribution from Marwan, for some or all of Gargrave's respective liabilities.

DM1\1229156.1

## THIRD CAUSE OF ACTION

(Fraud/Misrepresentation Against Marwan)

20. Plaintiff repeats and realleges the allegations in the proceeding paragraphs as though set forth at length herein.

21. Marwan, through its agent, caused an application for a COFR to be made to Gargrave, through its agent. This application was fraudulent, in that it contained information known to be false. Gargrave issued the COFR to the M/V AJMAN 2, and her owners, operators and insurers, based on this knowingly false information, and Gargrave has been defrauded thereby.

22. As a direct and proximate result of Marwan's knowingly false submission to Gargrave, Gargrave has suffered, or potentially may suffer, various damages in an amount to be proven at the time of trial.

23. As a result of the aforesaid knowingly false submissions to Gargrave, Gargrave is entitled to have the COFR voided and rescinded, and is entitled to damages for the fraudulent misrepresentations of Marwan.

## FOURTH CAUSE OF ACTION

(Nondisclosure Against Marwan)

24. Plaintiff repeats and realleges the allegations in the proceeding paragraphs as though set forth at length herein.

25. Marwan, through its agent, caused an application for a COFR to be made to Gargrave, through Gargrave's agent. This application was fraudulent, in that it contained information known to be false, and further contained knowing misrepresentations and omissions of material facts. Gargrave issued the COFR to the M/V AJMAN 2, based on its ignorance of this undisclosed information, and Gargrave has been damaged and defrauded thereby.

26.   As a direct and proximate result of Marwan's knowing and willful nondisclosure of information to Gargrave, Gargrave has suffered, or potentially may suffer, various damages in an amount to be proven at the time of trial.

27.   As a result of the aforesaid knowing nondisclosure of information to Gargrave, Gargrave is entitled to have the COFR voided and rescinded, and to damages from Marwan for the nondisclosure of said material information.

## FIFTH CAUSE OF ACTION

(Negligence Against Marwan)

28.   Plaintiff repeats and realleges the allegations in the proceeding paragraphs as though set forth at length herein.

29.   Marwan, through its agent, caused an application for a COFR to be made to Gargrave, through Gargrave's agent. This application contained information known to be false, and it omitted material facts. Gargrave issued the COFR to the M/V AJMAN 2, based on this negligently provided information, and its ignorance of the negligently omitted information, and Gargrave has been damaged and defrauded thereby.

30.   As a direct and proximate result of Marwan's negligence, Gargrave has suffered, or potentially may suffer, various damages in an amount to be proven at the time of trial.

31.   As a result of the aforesaid negligent information supplied to, and information negligently withheld from Gargrave, Gargrave is entitled to have the COFR voided and rescinded, and to damages for the negligence of Marwan.

## SIXTH CAUSE OF ACTION

(Tort of Another Against Marwan)

32.   Plaintiff repeats and realleges the allegations in the proceeding paragraphs as though set forth at length herein.

33. Gargrave is informed and believes that Marwan made misrepresentations and omissions, acted negligently, willfully and carelessly, and breached various contracts and other agreements in connection with the ownership, chartering, crewing, operation and husbanding of the M/V AJMAN 2.

34. As a direct and proximate result of these negligent and intentional acts and omissions by Marwan, Gargrave has been compelled to litigate with the United States, and other parties. Also as a direct and proximate result of the aforesaid acts and omissions by Marwan, Gargrave is compelled to litigate with Marwan, the vessel's agent and the vessel's other insurers in this and/or other legal proceedings.

35. Gargrave has incurred substantial attorneys' fees and costs in this litigation, and will continue to incur such fees and costs until this matter is finally resolved. Gargrave is entitled to recover these fees and costs, along with indemnity, from Marwan, under the doctrine of wrongful act/tort of another.

**SEVENTH CAUSE OF ACTION**

(Declaratory Relief Against Marwan)

36. Plaintiff repeats and realleges the allegations in the proceeding paragraphs as though set forth at length herein.

37. Gargrave is informed and believes that Marwan made misrepresentations and omissions, acted negligently, willfully and carelessly, and breached various contracts and other agreements in connection with the ownership, chartering, crewing, operation and husbanding of the M/V AJMAN 2.

38. An actual controversy now exists between Gargrave, on the one hand, and Marwan on the other. Accordingly, under 28 U.S.C. § 2201, Gargrave is entitled to, and hereby seeks from this Court, a declaration of its rights and obligations under the COFR which it issued.

DM1\1229156.1

## EIGHTH CAUSE OF ACTION

(Equitable Indemnity Against Al-Buhaira)

39. Plaintiff repeats and realleges the allegations in the proceeding paragraphs as though set forth at length herein.

40. All the events and happenings referred to herein were caused and created by the active negligence and/or intentional willful misconduct of Al-Buhaira to perform its contractual duties and obligations with respect to the Incident, and including, but not limited to, its duty to pay any salvage costs or sue and labor costs for the M/V AJMAN 2. In the event Gargrave is adjudged liable to the United States under the complaint filed in the Guam Action, any fault of Gargrave, which is hereby vigorously denied, would be passive in nature and secondary as opposed to the active and primary fault and breaches of obligations, duties of care and contract by Al-Buhaira. Any liability or obligation of Gargrave to pay for the costs of the clean-up for the Incident or salvage or sue and labor costs for the M/V AJMAN 2 is secondary and is the responsibility of Al-Buhaira.

41. If any judgment should be rendered in favor of the United States or others against Gargrave, then Gargrave is entitled to full indemnification from Al-Buhaira, and Gargrave is entitled to recover in equitable indemnity from Al-Buhaira, the full amount of any said judgment, in addition to attorney's fees and costs.

## NINTH CAUSE OF ACTION

(Contribution Against Al-Buhaira)

42. Plaintiff repeats and realleges the allegations in the proceeding paragraphs as though set forth at length herein.

43. As a direct and proximate result of Al-Buhaira's breaches of contract of its respective duties to the M/V AJMAN 2 to the United States and to others, Gargrave has suffered, or potentially may suffer, various damages in an amount to be proven at the time of trial.

44. As a result of Gargrave potentially having to pay amounts in excess of its proper liability, if any, Gargrave is and will be entitled to legal and/or equitable contribution from Al-Buhaira, and each of them, for some or all of Gargrave's respective liabilities.

## TENTH CAUSE OF ACTION

(Tort of Another Against Al-Buhaira)

45. Plaintiff repeats and realleges the allegations in the proceeding paragraphs as though set forth at length herein.

46. Gargrave is informed and believes that Al-Buhaira made misrepresentations and omissions, acted negligently, willfully and carelessly, and breached various contracts including the P&I Insurance Policy issued by Al-Buhaira and other agreements in connection with condition of the M/V AJMAN 2.

47. As a direct and proximate result of these negligent and intentional acts and omissions by AL-Buhaira, Gargrave has been compelled to litigate with the United States, and other parties.

48. Gargrave has incurred substantial attorneys' fees and costs in this litigation, in the Guam Action and in other matters, and will continue to incur such fees and costs until this matter

is finally resolved. Gargrave is entitled to recover these fees and costs, along with indemnity, from Al-Buhaira, under the doctrine of wrongful act/tort of another.

## ELEVENTH CAUSE OF ACTION

(Direct Action Claim Against AL-Buhaira and Marwan)

49. Plaintiff repeats and realleges the allegations in the proceeding paragraphs as though set forth at length herein.

50. Pursuant to 22 GCA §18305, an injured person may bring suit against an insurer and an insured seeking damages, and other relief including coverage and benefits under a policy of liability insurance.

51. Gargrave as an injured person, is entitled to the benefits of the P&I policy issued by Al-Buhaira for Marwan's vessel, the M/V AJMAN 2, as a result of the Incident, and payment of the salvage costs and expenses for the M/V AJMAN 2 and any sue and labor costs or expenses for the M/V AJMAN 2.

WHEREFORE, Plaintiff prays as follows:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if the Defendants cannot be found within this District, then that Defendants' assets, goods and chattels, all credits and effects within the hands of garnishees, within the jurisdiction of this Court, be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of a sum of not less than $829,051;

3. That judgment may be entered in favor of the Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action and the Guam Action;

4. That process in due form of law according to the practice of this Court, in causes of admiralty and maritime claims, including all rights and remedies available under the New York Civil Practice Law and Rules, may issue against said goods and chattels, all credits and effects of the Defendants and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages aforesaid, with interest, costs and disbursements and that the said goods and chattels, all credits and effects of the Defendants may be condemned and sold to pay therefore; and

5. That this Court grant Plaintiff such other and further relief as may be just and proper.

Dated: Newark, New Jersey
November 20, 2007

DUANE MORRIS LLP

By: _____
James W. Carbin, Esq. (JC-5004)
Adam Kominsky (AK-3970)
Attorneys for Plaintiff
744 Broad Street, Suite 1200
Newark, New Jersey 07102
Telephone No. (973) 424.2000
Facsimile No. (973) 424.2001

STATE OF NEW JERSEY        :
                           :    SS.
COUNTY OF ESSEX            :

### **VERIFICATION**

I, James W. Carbin, being duly sworn, deposes and says:

1. I am an attorney-at-law and a Partner with the firm of Duane Morris LLP, attorneys for the Plaintiff.

2. I have read the foregoing Verified Complaint, and know the contents thereof and the same are true to the best of my knowledge, and upon information and belief.

3. The reason that this Verification is made by me and not the Plaintiff, is that the Plaintiff is a foreign corporation and not within this district.

_____
James W. Carbin

Sworn to and subscribed to me
before this 20th day of November, 2007.

_____
Notary Public

TONI M. REO
A Notary Public of New Jersey
My Commission Expires 11/16/2010

DM1\1228905.1